ENRIQUE GONZÁLEZ-RAMOS, Appellant, v. REGISTRAR OF
AGUADILLA Respondent.

No. 647.   Submitted November 2, 1926.   Decided November 23, 1926.

*Pedro Amado Rivera* for appellant.   The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

In the registry of property of Aguadilla there is a record of possession of a certain rural property in favor of Antonio Ramos Soto and Antonia Vélez.   Enrique González, calling himself the heir and representative of other heirs of Antonio Ramos Soto and Antonia Vélez, appeared before a notary public who drew up a certificate setting forth the above facts and also that there was a record of possession thereof made more than twenty years before, for which reason they asked to have the record of possession converted into one of ownership.

On presentation of said certificate in, the registry the registrar denied the conversion applied for on two grounds: first, because it was not applied for by the person in whose favor the record was made, and then because the petitioners had not shown the death of their predecessors and their capacity of heirs.   From that decision González brought this appeal.

In 1923 the Legislature amended article 441 of the Regulations for the Execution of the Mortgage Law.   The last proviso of the said amendment reads:

*"Provided,* That when more than twenty years shall have elapsed from the date of the record of possession and no note indicating that prescription has been interrupted during said term of twenty years, exists in the registry, the registrar shall convert said record of possession into a record of dominion by means of a marginal note, on application of the owner of the real estate the right to which is recorded, said application to be stated in a public instrument." Acts of 1923, p. 216.

The registrar contends that as the law provides that the conversion shall be made "on application of the owner of the real estate the right to which is recorded," petitioners should record the possession in their favor first and then apply for the conversion.

We agree with appellant that such construction is too strict and seems opposed to the purposes of the law tending to expedite transactions in real property providing the same with the strongest possible titles. We believe that a construction that considers the heirs of an owner as the owner himself for the purpose of conversion must prevail.

The other ground is well justified. How is it possible that the registrar should accept a mere statement from a person set forth in a notarial document to prove as an established fact that certain person in whose favor a certain right is recorded died and that the petitioner and other persons named are his legitimate heirs? The question is so obvious that it is not worth considering. The condition of heir must be shown by the means provided by law. *Coira* v. *Registrar,* 30 P.R.R. 288.

For the foregoing reasons the decision appealed from must be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.